MARALYN M. ENGLISH (8468)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
mme@scmlaw.com

*Attorneys for Defendant*
*Blue Cross and Blue Shield of Texas*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| L.C. and F.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE CROSS AND BLUE SHIELD OF TEXAS, and the MADISON ONE HOLDINGS HEALTH BENEFITS PLAN,<br><br>Defendants. | **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>Civil No. 2:21-cv-319-DBB<br><br>Chief Magistrate Judge David Barlow |

Defendant Blue Cross and Blue Shield of Texas, an unincorporated division of Health Care

Service Corporation, an Illinois Mutual Legal Reserve Company ("Defendant" or "BCBSTX") by

and through its attorneys, hereby submits its Answer and Defenses to Plaintiff L.C.'s and F.C.'s Complaint and states as follows:[1]

<u>**PARTIES, JURISDICTION AND VENUE**</u>

1.      Upon information and belief, BCBSTX admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.      BCBSTX denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint, except that BCBSTX admits it was the claims administrator for the Madison One Holdings Group Managed Health Care and Pharmacy Benefits plan, during the relevant time frame in the Complaint.

3.      BCBSTX denies that the Plan is a self-funded employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA").  BCBSTX admits that L.C. was a participant and F.C. was a beneficiary of the Plan during the relevant time frame in the Complaint.

4.      BCBSTX admits that BCBSTX received medical records showing F.C. received services at Change Academy Lake of the Ozarks ("CALO") from January 22, 2018, to January 15, 2020. Upon information and belief, BCBSTX admits that CALO is a licensed residential treatment facility located in Missouri, which provides various services to adolescents with mental health, behavioral, and/or substance abuse problems. BCBSTX lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in Paragraph 4 of the Complaint. To

---

[1] Madison One Holdings Health Benefits Plan was named in the Complaint, but Plaintiffs subsequently have dismissed it.

the extent a response is required, BCBSTX denies the remaining allegations in Paragraph 4 of the Complaint.

5. BCBSTX admits that BCBSTX denied certain claims for payment of F.C.'s expenses in connection with services received at CALO.

6. The allegations in Paragraph 6 of the Complaint constitute legal assertions to which no response is required. To the extent a response is required, BCBSTX denies the allegations in Paragraph 6.

7. The allegations in Paragraph 7 of the Complaint constitute legal assertions to which no response is required. To the extent a response is required, BCBSTX denies the allegations in Paragraph 7.

8. BCBSTX admits that Plaintiffs seek the remedies delineated in Paragraph 8 of the Complaint but denies that Plaintiffs are entitled to any remedy or other relief in this matter.

## BACKGROUND FACTS

### F.C.'s Developmental History and Medical Background

9. BCBSTX lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10. To the extent the allegations in Paragraph 10 reference medical records, those records speak for themselves and BCBSTX denies the allegations in Paragraph 10 to the extent the allegations are inconsistent with those records. To the extent the medical records do not address the allegations in Paragraph 10, BCBSTX lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them.

11.     To the extent the allegations in Paragraph 11 reference medical records, those records speak for themselves and BCBSTX denies the allegations in Paragraph 11 to the extent the allegations are inconsistent with those records.  To the extent the medical records do not address the allegations in Paragraph 11, BCBSTX lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them.

12.     BCBSTX lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.     To the extent the allegations in Paragraph 13 reference medical records, those records speak for themselves and BCBSTX denies the allegations in Paragraph 13 to the extent the allegations are inconsistent with those records.  To the extent the medical records do not address the allegations in Paragraph 13, BCBSTX lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them.

14.     To the extent the allegations in Paragraph 14 reference medical records, those records speak for themselves and BCBSTX denies the allegations in Paragraph 14 to the extent the allegations are inconsistent with those records.  To the extent the medical records do not address the allegations in Paragraph 14, BCBSTX lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them.

15.     BCBSTX lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

**CALO**

16.     BCBSTX admits that F.C. was admitted to CALO on January 22, 2018 and that BCBSTX provided coverage for services at CALO for a period of time following that date.

17.     BCBSTX admits that BCBSTX sent a letter, dated August 21, 2019. The August 21, 2019 letter is a writing that speaks for itself.   To the extent the allegations contained in Paragraph 17 of Plaintiffs' Complaint are inconsistent with the August 21, 2019 letter, BCBSTX denies the same.

18.     BCBSTX admits that BCBSTX sent a letter, dated August 22, 2019. The August 22, 2019 letter is a writing that speaks for itself.   To the extent the allegations contained in Paragraph 18 of Plaintiffs' Complaint are inconsistent with the August 22, 2019 letter, BCBSTX denies the same.

19.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.   To the extent the allegations contained in Paragraph 19 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

20.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020.The February 4, 2020 letter is a writing that speaks for itself.   To the extent the allegations contained in Paragraph 20 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

21.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.   To the extent the allegations contained

in Paragraph 21 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

22.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 22 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

23.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 23 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

24.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 24 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

25.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 25 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

26.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained

in Paragraph 26 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

27.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 27 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

28.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 28 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

29.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 29 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

30.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 30 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

31.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained

in Paragraph 31 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

32. BCBSTX admits that L.C. submitted a complaint to the Texas Department of Insurance ("TDI"). The TDI complaint is a writing that speaks for itself. To the extent the allegations contained in Paragraph 32 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

33. BCBSTX admits that L.C. submitted a complaint to the Texas Department of Insurance ("TDI"). The TDI complaint is a writing that speaks for itself. To the extent the allegations contained in Paragraph 33 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

34. BCBSTX admits that L.C. submitted a complaint to the Texas Department of Insurance ("TDI"). The TDI complaint is a writing that speaks for itself. To the extent the allegations contained in Paragraph 34 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

35. BCBSTX admits that BCBSTX sent a letter, dated June 18, 2020. The June 18, 2020 letter is a writing that speaks for itself. To the extent the allegations contained in Paragraph 35 of Plaintiffs' Complaint are inconsistent with the June 18, 2020 letter, BCBSTX denies the same.

36. BCBSTX admits that BCBSTX sent letters, dated June 18, 2020. The June 18, 2020 letters are writings that speaks for themselves. To the extent the allegations contained in Paragraph

36 of Plaintiffs' Complaint are inconsistent with the June 18, 2020 letters, BCBSTX denies the same.

37.     BCBSTX admits that BCBSTX sent a letter, dated June 22, 2020. The June 22, 2020 letter is a writing that speaks for itself. To the extent the allegations contained in Paragraph 37 of Plaintiffs' Complaint are inconsistent with the June 22, 2020 letter, BCBSTX denies the same.

38.     BCBSTX admits that BCBSTX sent a letter, dated June 29, 2020. The June 29, 2020 letter is a writing that speaks for itself. To the extent the allegations contained in Paragraph 38 of Plaintiffs' Complaint are inconsistent with the June 29, 2020 letter, BCBSTX denies the same.

39.     BCBSTX admits that BCBSTX sent a letter, dated June 30, 2020. The June 30, 2020 letter is a writing that speaks for itself. To the extent the allegations contained in Paragraph 39 of Plaintiffs' Complaint are inconsistent with the June 30, 2020 letter, BCBSTX denies the same.

40.     The allegations in Paragraph 40 of the Complaint constitute legal assertions to which no response is required. To the extent that a response is required, BCBSTX denies the allegations in Paragraph 40.

41.     BCBSTX denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     BCBSTX denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

### (Claim for Recovery of Benefits Under 29 U.S.C. §1132(a)(1)(B))

43.     BCBSTX denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     BCBSTX denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

45.     BCBSTX admits 29 U.S.C. § 1133(2) states that "every employee benefit plan shall afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." BCBSTX denies the remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     BCBSTX denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     BCBSTX denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     BCBSTX denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

### (Claim for Violation of MHPAEA Under 29 U.S.C. §1132(a)(3))

49.     BCBSTX denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.     BCBSTX denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.     BCBSTX denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.     BCBSTX denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.     BCBSTX denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     BCBSTX denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     BCBSTX denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     BCBSTX denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     BCBSTX denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     BCBSTX denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint, except that BCBSTX admits that when it receives any such claims for medical/surgical treatment, BCBSTX provides benefits in accordance with the terms of the Plan, including without limitation the Plan's definition of "medically necessary."

59.     BCBSTX denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     BCBSTX denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     BCBSTX denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     BCBSTX denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     BCBSTX denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     BCBSTX admits that BCBSTX sent letters to Plaintiffs regarding its denial of coverage. The letters are writings that speak for themselves.  To the extent the allegations contained in Paragraph 64 of Plaintiffs' Complaint are inconsistent with the letters, BCBSTX denies the same.

65.     BCBSTX denies the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 66 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

67.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained

in Paragraph 67 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

68.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 68 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

69.     BCBSTX denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint, except that BCBSTX admits that when it receives any claims, BCBSTX evaluates and provides benefits in accordance with the terms of the Plan Documents, including without limitation the definition of "medically necessary."

70.     BCBSTX denies the allegations contained in Paragraph 70 of Plaintiffs' Complaint, except that BCBSTX admits that when it receives any claims, BCBSTX evaluates and provides benefits in accordance with the terms of the Plan Documents, including without limitation the definition of "medically necessary."

71.     BCBSTX denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained in Paragraph 72 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

73.     BCBSTX admits that BCBSTX received a letter, dated February 4, 2020. The February 4, 2020 letter is a writing that speaks for itself.  To the extent the allegations contained

in Paragraph 73 of Plaintiffs' Complaint are inconsistent with the February 4, 2020 letter, BCBSTX denies the same.

74.     BCBSTX denies the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.     BCBSTX denies that Plaintiffs are entitled to any relief.

76.     BCBSTX denies that Plaintiffs are entitled to any relief, including prejudgment interest and any and all fees and costs.

## DEFENSES

### First Defense

Plaintiffs' claim is barred, in whole or in part, to the extent any damages suffered by Plaintiffs were proximately caused by persons and/or entities that are neither agents nor employees of BCBSTX, and no legal or factual basis exists for imposing liability upon BCBSTX for the acts or omissions of any such other persons and/or entities.

### Second Defense

Plaintiffs' claim is barred because Plaintiffs have received all benefits to which they are entitled under the terms of the Plan and have not been denied any benefits to which they are entitled under the Plan.

### Third Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Fourth Defense

Plaintiffs have not suffered any cognizable damages, and to the extent they have suffered any such damages, they failed to mitigate those damages.

### Fifth Defense

Plaintiffs' claim is barred to the extent Plaintiffs seek relief or remedies not available under ERISA.

### Sixth Defense

Plaintiffs' demand for attorneys' fees should be denied because BCBSTX's defenses to this action are reasonable and made in good faith.

### Seventh Defense

Plaintiffs' Second Cause of Action is barred because it constitutes a repackaged, duplicative claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and it seeks recovery of the same benefits that are requested under 29 U.S.C. § 1132(a)(1)(B) in Plaintiffs' First Cause of Action.

### Eighth Defense

The Federal Mental Health Parity and Addiction Equity Act ("MHPAEA") does not require coverage of F.C.'s treatment because, among other reasons, there is no disparity in Plaintiffs' Plan's coverage of residential treatment as compared to comparable medical/surgical treatment.

### Reservation of Rights

BCBSTX expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon orders issued by any court, or based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of the parties' positions in this litigation.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE having fully answered Plaintiffs' Complaint and having asserted affirmative defenses, BCBSTX prays for the following relief:

1.      For dismissal of Plaintiffs' Complaint with prejudice;

2.      For costs and attorneys' fees incurred in defense of this action as allowed by law; and

3.     For such other and further relief as the Court deems just and proper.

DATED this 13th day of August, 2021.

SNOW, CHRISTENSEN & MARTINEAU

*/s/ Maralyn M. English*
Maralyn M. English
*Attorneys for Defendant*
*Blue Cross and Blue Shield of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021, I forwarded a true and correct copy of the foregoing document *via ECF* to the following:

Brian S. King
Brent J. Newton
Samuel M. Hall
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
brian@briansking.com
*Attorneys for Plaintiffs*

*/s/ Maralyn M. English*
Maralyn M. English

4818-9362-5590, v. 1